**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOMMIE ZAKER, Individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br> v. <br><br> EBANG INTERNATIONAL HOLDINGS INC., DONG HU, and LEI CHEN, <br><br>       Defendants. | Case No.: 1:21-cv-03060-KPF <br><br> Hon. Katherine Polk Failla |

**DR. GOWRISANKAR NAIDU GALLA, GALLA INVESTMENTS INC., AND YAN YUAN'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     ARGUMENT ........................................................................................................ 4

   A.   The PSLRA Process. ...................................................................................... 4

   B.   Movants are Presumptively the Most Adequate Plaintiff. ............................. 6

      1.   Movants Have the Largest Financial Interest. ............................................. 6

      2.   Galla and Yuan are a Permissible Group. .................................................. 8

      3.   Galla and Yuan Satisfy Rule 23's Typicality and Adequacy Requirements. ............ 12

   C.   No Proof Exists to Rebut the Strong Presumption in Favor of Appointing Galla
        and Yuan. ..................................................................................................... 13

III.    CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Africa v. Jianpu Tech., Inc.*,
   No. 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246 (S.D.N.Y. May 19, 2021) ................ 8

*In re Aqua Metals Sec. Litig.*,
    No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) ........ 10, 11

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................................... 11

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017).. 10

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12 Civ. 1203 (PAE), 2012 U.S. Dist. LEXIS 79288 (S.D.N.Y. May 31, 2012)................ 6

*Brady v. Top Ships, Inc.*,
   324 F. Supp. 3d 355 (E.D.N.Y. 2018) ............................................................................ 11, 12

*Burnham v. Qutoutiao Inc.*,
   No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020).............. 13

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................................. 13

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3rd Cir. 2001) ........................................................................................... 4, 11

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)11, 12

*China Agritech, Inc. v. Resh,*
   138 S. Ct. 1800 (2018)...................................................................................................... 8, 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................................... 13

*Cullinan v. Cemtrex, Inc.*,
   287 F. Supp. 3d 277 (E.D.N.Y. 2018) .................................................................................. 10

*Dura Pharmaceuticals, Inc. v. Broudo,*
   544 U.S. 336 (2005)........................................................................................................... 6, 8

*Emerson v. Genocea Biosciences, Inc.,*
   No. 17-12137-PBS, 2018 U.S. Dist. LEXIS 22228 (D. Mass. Feb. 12, 2018)................... 9, 11

*In re eSpeed, Inc. Sec. Litig.,*
   232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................... 3

*In re Facebook, Inc.,*
   288 F.R.D. 26 (S.D.N.Y. 2012) ...................................................................................... 5

*Faris v. Longtop Fin. Techs. Ltd.,*
   No. 11 CIV. 3658 SAS, 2011 U.S. Dist. LEXIS 112970 (S.D.N.Y. Oct. 4, 2011) ............... 10

*Francisco v. Abengoa, S.A.,*
   No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................. 5

*In re Fuwei Films Sec. Litig.,*
   247 F.R.D. 432 (S.D.N.Y 2008) ..................................................................................... 5

*Glavan v. Revolution Lighting Techs., Inc.,*
   No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019)................ 2

*Hansen v. Ferrellgas Partners, L.P.,*
   No. 06-7840, 2017 U.S. Dist. LEXIS 8145 (S.D.N.Y. Jan. 19, 2017) .................................... 5

*Janovici v. DVI, Inc.,*
   No. 2:03-CV-04795-LDD, 2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003).............. 4

*Jiehua  Huang v. Airmedia  Grp.,  Inc.,*
   No.  1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) ... 4, 14

*Kasilingam v. Tilray, Inc.,*
   1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020)................... 13

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 13

*Lawless v. Aurora Cannabis Inc., et al.,*
   C.A. No. 1:20-cv-13819-RMB-KMW (Dec. 1, 2020 D.N.J.) ................................................. 11

*Lax* v. *First Merchants Acceptance Corp.,*
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997 .................................. 2

*Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.*
   C.A. No. 2:19-cv-03347-EAS-EPD (Sept. 30, 2019 S.D. Ohio).......................................... 11

*McDermid v. Inovio Pharmaceuticals, Inc., et al.,* C.A. No. 2:20-cv-01402-GJP (May 15,
   2020 E.D. Pa.).......................................................................................................... 11

*In re MGT Capital Invs., Inc*,
    No. 16 Civ. 7415 (NRB), 2017 U.S. Dist. LEXIS 59130 (S.D.N.Y. Apr. 11, 2017) .............. 9

*Mustafin v. Greensky, Inc.,*
    No. 18-11071, 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar.  29,  2019) ......................... 5, 9

*O'Brien v. Pareteum Corporation, et al.,*
    C.A. No. 1:19-cv-09767-AKH, 2020 U.S. Dist. LEXIS 4914 (Jan. 10, 2020 S.D.N.Y.)... 5, 11

*In re Olsten Corp. Securities Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................... 2, 4

*Omdahl v. Farfetch Ltd.*,
    No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) ............ 14

*Peters v. Jinkosolar Holding Co.,*
    No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012)................ 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,*
    229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................... 14

*Reitan v. China Mobile Games & Ent. Group, Ltd.,*
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................... 13

*Richman v. Goldman Sachs Grp., Inc.,*
    274 F.R.D. 473 (S.D.N.Y. 2011) ........................................................................ 6

*Rico v. Lordstown Motors Corp., et al*.,
    C.A. No. 4:21-cv-00616-PAG (May 17, 2021 N.D. Ohio) ..................................... 11

*Robb v. Fitbit Inc.,*
    No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016)..................... 9

*Roby v. Ocean Power Techs.,*
    No. 14-cv-3799-FLW-LHG, 2015 U.S. Dist. LEXIS 42388 (D.N.J. Mar. 17, 2015) .............. 4

*In re Sequans Communs. S.A. Sec. Litig.,*
    289 F. Supp. 3d 416 (E.D.N.Y. 2018) ........................................................ 2, 10, 12

*Silverberg v. Dryships Inc.,*
    No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563 (E.D.N.Y. Aug. 21, 2018) .... 9

*Simmons v. Spencer,*
    No. 13 Civ. 8216 (RWS),  2014 U.S. Dist. LEXIS 58743 (S.D.N.Y. Apr. 24, 2014) .... 6, 9, 10

*In re Snap Inc. Sec. Litig*,
    2019 U.S. Dist. LEXIS 88379 (C.D. Cal. Apr. 1, 2019) ..................................... 12

*Sofran v. Labranche & Co.,*
   220 F.R.D. 398 (S.D.N.Y. 2004) .................................................................................. 13

*Varghese v. China Shenghuo Pharm. Holdings, Inc.,*
   589 F. Supp. 2d 388 (S.D.N.Y. 2008).............................................................. 2, 3, 9

*In re Veeco Instruments, Inc.,*
   233 F.R.D. 330 (S.D.N.Y. 2005) .................................................................................. 2

*Verdin v. Genius Brands International, Inc.*, *et al.*
   C.A. No. 2:20-cv-07457-DSF-PJW (Oct. 19, 2020 C.D. Cal.) ............................................. 11

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,*
   No. 13-6731, 2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 10,  2014).................................. 8

*White Pine Investments v. CVR Refining, LP,*
   No. 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)........ 3, 7, 9, 10

**Statutes**

15 U.S.C. §78u-4 ............................................................................................................ passim

**Rules**

Fed. R. Civ. P. 23.......................................................................................................... passim

## I.   PRELIMINARY STATEMENT

Dr. Gowrisankar Naidu Galla, Galla Investments Inc., (collectively, "Dr. Galla") and Yan Yuan ("Yuan") (collectively, "Movants" or "Galla and Yuan"), respectfully submit this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and approval of lead counsel filed in the above-captioned securities class action lawsuit (the "Action").

As noted in Galla and Yuan's opening motion, a second action involving the same claims against the same Defendants was brought in the U.S. District Court for the District of New Jersey after this action was filed. *See Zeva v. Ebang International Holdings Inc.,* C.A. No. 2:21-cv-09859-CCC-LDW (D.N.J.) (the "*Zeva* Action"). Currently, lead plaintiff motions have been fully briefed in the *Zeva* Action, as oppositions were due on June 22, 2021 and replies were due July 29, 2021. See *Zeva* Action, ECF Nos. 20, 23, 24, 25. The only remaining competing motions seeking appointment as lead plaintiff and approval of selection of counsel in this Action are: (1) Galla and Yuan; (2) Brijesh Bhagat; and (3) Shahin Negahban.[1]

As set forth below, Galla and Yuan have, by far, the largest financial interest under three of the four factors "[c]ourts in this Circuit have traditionally examined…(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered

---

[1] Movant Negahban only filed for lead plaintiff in this Action and not in the *Zeva* Action. Nevertheless, Movants considered him a competing lead plaintiff movant in the *Zeva* Action lead plaintiff briefing. On June 22, 2021, the movant claiming the second largest financial interest, Xiande Yang ("Yang"), filed a notice of non-opposition in the *Zeva* Action, stating that Galla and Yuan "have the largest financial interest in this litigation within the meaning of the PSLRA and satisfy the adequacy and typicality requirements of Federal Rule of Civil Procedure 23". *See Zeva* Action, ECF No. 19. Movants Elad Rachevsky ("Rachevsky") and Eyerusalem Befkadu ("Befkadu") also filed notices of non-opposition recognizing that they do not possess the largest financial interest. ECF Nos. 35, 36; *Zeva* Action, ECF Nos 18, 21. Movant Ronald Antosko ("Antosko") withdrew his motion for lead plaintiff on June 15, 2021. ECF No. 33; *Zeva* Action, ECF No. 18.

during the class period" (the "*Olsten/Lax* Factors"). *Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005)); *see also Lax* v. *First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

| Movant | Shares Purchased | Net Shares Retained | Funds Expended | LIFO Loss | *Dura* LIFO Loss |
|---|---|---|---|---|---|
| Galla & Yuan | 239,000 | **239,000** | **$2,039,934.20** | **$972,458.55** | **$972,458.55** |
| - Galla | 190,000 | 190,000 | $1,431,351.60 | $623,351 | $623,351 |
| - Yuan | 49,000 | 49,000 | $608,582.60 | $416,265.05 | $349,107.55 |
| ~~Yang~~ | ~~130,425~~ | ~~100,403~~ | ~~$812,438.72~~ | ~~$434,842~~ | ~~$427,636.82~~ |
| Bhagat | **443,366** | 56,116 | $463,322.45 | $253,039.08 | $175,157.05 |
| ~~Rachevsky~~ | ~~66,635~~ | ~~34,435~~ | ~~$411,524.25~~ | ~~$230,071.95~~ | ~~$191,976.70~~ |
| Negahban | 31,750 | 31,750 | $359,235 | $201,337.97 | $201,337.97 |
| ~~Befkadu~~ | ~~37,740~~ | ~~37,740~~ | ~~$264,828.33~~ | ~~$56,701.53~~ | ~~$56,701.53~~ |
| ~~Antosko~~ | ~~7,600~~ | ~~4,600~~ | ~~$45,491.98~~ | ~~$12,779.71~~ | ~~$6,319.29~~ |

"Financial loss, the last factor, is the most important element of [the] test." *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F.Supp.2d 388, 395 (S.D.N.Y.2008).

Movants purchased 239,000 shares of Ebang International Holdings Inc ("Ebang" or the "Company") during the Class Period, expended over $2,039,000, and collectively lost $972,458.55, more than double the loss asserted by Yang, the movant with the next largest loss, and over ***three and a half times greater*** than Bhagat, the closest competing movant. Not only do Movants collectively have the largest financial interest, but Dr. Galla, individually, possesses the largest financial interest compared to any movant by ***at least $188,509.***

"The majority of courts permit unrelated investors to join together as a group and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class." *In re Sequans Communs. S.A. Sec. Litig.,* 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018)

2

(citing *Varghese,* 589 F. Supp. 2d at 392); *White Pine Investments v. CVR Refining, LP,* No. 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at \*\*2-6 (S.D.N.Y. Jan. 5, 2021); *see also In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 99 n.18 (S.D.N.Y. 2005) (collecting cases and noting that the majority view is that unrelated investors can act together as lead plaintiff if other requirements of adequacy were satisfied).

As evidenced by their Joint Declaration, and Second Joint Declaration,[2] Movants have made the requisite preliminary showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Movants are a  small cohesive group of just two sophisticated investors—a businessman and physician—with over 25 years of collective investing experience and are capable of supervising the litigation. *See* ECF No. 13-4, ¶¶ 5-6 ("Joint Decl.") and *Zeva* Action, ECF No. 25-2 ("Second Joint Decl.") . Prior to filing their motion, Movants discussed their leadership roles in this case to ensure that they had a process in place for working cooperatively to oversee this litigation and their attorneys and obtain the best recovery possible for all class members. *Id.* ¶ 9.

Bhagat opportunistically opposes Galla and Yuan's motion by conclusory speculation that the Movants are somehow inadequate because they are a purported lawyer-driven group. But Bhagat's opposition and reply filed in the *Zeva* Action falls far short of the actual "proof" required under the PSLRA to rebut the "strong presumption" in favor of appointing Movants as Co-Lead Plaintiffs. The law is well established that speculation and conclusory arguments cannot rebut the strong presumption in Galla and Yuan's favor. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at \*6-7

---

[2] Movants filed a Second Joint Declaration in further support of their motion with the filing of their reply brief in the *Zeva* Action. *See Zeva* Action, ECF No. 25-2.

(S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff") (quoting *Olsten Corp.,* 3 F. Supp. 2d at 296 (E.D.N.Y. 1998)); *see also Roby v. Ocean Power Techs.,* No. 14-cv-3799-FLW-LHG, 2015 U.S. Dist. LEXIS 42388, at *19-20 (D.N.J. Mar. 17, 2015) ("[T]he PSLRA requires **actual proof** to rebut the presumption of the most adequate plaintiff…[m]ere speculation….does not meet this standard[.]")[3]; *Janovici v. DVI, Inc.,* No. 2:03-CV-04795-LDD, 2003 U.S. Dist. LEXIS 22315, at *15, *40 (E.D. Pa. Nov. 25, 2003) (The "presumption may only be rebutted by a member of the purported plaintiff class **upon proof…[S]peculation is insufficient** to overcome the presumption under the PSLRA."); *In re Cendant Corp. Litig.,* 264 F.3d 201, 245-46 (3rd Cir. 2001).

Since Galla and Yuan have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are presumed to be the most adequate plaintiff.  Finally, no proof – which is what the PSLRA expressly requires – exists to rebut the strong presumption in favor of appointing Movants, nor has the competing movants provided any. Accordingly, the Court should appoint Galla and Yuan's motion and deny all other motions.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i).

---

[3] Emphasis added and internal quotations are omitted throughout the brief unless otherwise specified.

4

From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or *group of persons*" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012).

As courts within this Circuit, in the Third Circuit, and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii); *see also Mustafin v. Greensky, Inc.,* No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA ... expressly permits 'a group of persons' to be appointed lead plaintiff."); *Hansen v. Ferrellgas Partners, L.P.*, No. 06-7840, 2017 U.S. Dist. LEXIS 8145, at *12-13 (S.D.N.Y. Jan. 19, 2017) ("[A]s the statute makes clear, groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff."); *O'Brien v. Pareteum Corporation, et al.,* C.A. No. 1:19-cv-09767-AKH, 2020 U.S. Dist. LEXIS 4914, at *5 (Jan. 10, 2020 S.D.N.Y.); *Cendant,* 264 F.3d at 266-67.

Courts in this District have considered four factors (the *Olsten/Lax* Factors) when identifying the movant with the greatest financial interest: "(1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 437 (S.D.N.Y 2008). "[C]ourts have consistently held that… the magnitude of the loss suffered, is most significant." *Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *14 (S.D.N.Y. May 24, 2016).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class

5

that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### B.    Movants are Presumptively the Most Adequate Plaintiff.

#### 1.    Movants Have the Largest Financial Interest.

Galla and Yuan have the largest financial interest in the Action pursuant to the *Olsten/Lax* Factors. *See Simmons v. Spencer,* No. 13 Civ. 8216 (RWS), 2014 U.S. Dist. LEXIS 58743, at *9-10 (S.D.N.Y. Apr. 24, 2014) (collecting cases)). "[T]he overwhelming trend both in this [D]istrict and nationwide has been to use LIFO to calculate such losses." *Bo Young Cha v. Kinross Gold Corp.,* No. 12 Civ. 1203 (PAE), 2012 U.S. Dist. LEXIS 79288, at *9 (S.D.N.Y. May 31, 2012); *see also Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 476 (S.D.N.Y. 2011). Notably, Galla and Yuan have the largest approximate loss under the LIFO, and *Dura* LIFO methods.

| Movant | Shares Purchased | Net Shares Retained | Funds Expended | LIFO Loss | *Dura* LIFO Loss[4] |
|---|---|---|---|---|---|
| Galla & Yuan | 239,000 | **239,000** | **$2,039,934.20** | **$972,458.55** | **$972,458.55** |
| - Galla | 190,000 | 190,000 | $1,431,351.60 | $623,351 | $623,351 |
| - Yuan | 49,000 | 49,000 | $608,582.60 | $416,265.05 | $349,107.55 |
| ~~Yang~~ | ~~130,425~~ | ~~100,403~~ | ~~$812,438.72~~ | ~~$434,842~~ | ~~$427,636.82~~ |
| Bhagat | **443,366** | 56,116 | $463,322.45 | $253,039.08 | $175,157.05 |
| ~~Rachevsky~~ | ~~66,635~~ | ~~34,435~~ | ~~$411,524.25~~ | ~~$230,071.95~~ | ~~$191,976.70~~ |
| Negahban | 31,750 | 31,750 | $359,235 | $201,337.97 | $201,337.97 |
| ~~Befkadu~~ | ~~37,740~~ | ~~37,740~~ | ~~$264,828.33~~ | ~~$56,701.53[5]~~ | ~~$56,701.53~~ |

---

[4] Galla and Yuan note that movants Yang, Bhagat, Rachevsky, and Antosko have not accounted for the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005) and therefore have overstated their recoverable losses.

[5] Movant Befkadu filed with a claimed loss of $76,489.49, but he inflated his loss by more than $20,000 because he failed to value his post-class period sales using the greater of: (1) the average closing price between the end of the class period and the sales date; or (2) the actual sales price, pursuant to the PSLRA. 15 U.S.C.§78u-4(e)(1).

| Antosko | 7,600 | 4,600 | $45,491.98 | $12,779.71 | $6,319.29 |
|---|---|---|---|---|---|

As shown above, Galla and Yuan's approximate loss under the LIFO/*Dura* LIFO methods is ***more than double*** that of the closest movant, Yang, who recognizes that Galla and Yuan possess the largest loss and does not oppose their appointment *C.f.* ECF Nos. 13-2, 29-1; *see also* ECF No. 19. Further, Galla and Yuan possess over ***three and a half times*** the losses suffered by Bhagat, the closest competing movant, and more than ***five and a half times*** when excluding his in-and-out losses not attributable to the alleged fraud.

Movants also expended ***over $1.227 million more net funds*** than Yang. Thus, Galla and Yuan easily have the largest financial interest of all movants. Further, both Galla and Yuan, ***alone*** expended more net funds than the closest competing movant Bhagat. Galla expended ***over 102% more net funds,*** and has ***over a 117% greater loss,*** than Bhagat. Yuan expended ***over 27% more net funds,*** and has ***over a 31% greater loss,*** than Bhagat. This fact further evidences that the group was not formed simply to aggregate losses to achieve the largest financial interest. *See White Pine,* 2021 U.S. Dist. LEXIS 1199, at *5 ("[W]here the group comprises the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward), then the policy is not disserved by allowing those individuals to join together.") (citing *Peters v. Jinkosolar Holding Co.,* No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489, at *25 (S.D.N.Y. Mar. 19, 2012)).

Although Bhagat purchased more shares of Ebang during the Class Period, he appears to be an in-and-out trader, buying and selling shares of Ebang frequently throughout the day, and only *retained* 56,116 shares at the end of the Class Period, compared to Movants who retained 239,000 shares. Further, gross shares purchased is the factor given the least weight when measuring financial interest. *See Africa v. Jianpu Tech., Inc*., No. 21-CV-1419 (JMF), 2021 U.S.

Dist. LEXIS 95246, at *2-3 (S.D.N.Y. May 19, 2021) ("Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important").

Bhagat claims in his opposition filed in the *Zeva* Action that he should be appointed lead plaintiff because he has "a substantial financial interest…and otherwise satisfies the requirements of Rule 23". *Zeva* Action, ECF No. 20. This argument should summarily be rejected. The PSLRA clearly provides that the "most adequate plaintiff" is the "person or group of persons" that has the ***largest*** financial interest and otherwise satisfies Rule 23, not a "substantial" financial interest. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Bhagat possesses the ***third largest loss*** out of all movants, and the ***fifth largest loss*** when considering actual recoverable losses under *Dura,* 544 U.S. 336. As evidenced by his own opposition, "Bhagat recognizes that another movant, Mr. Yang, has reported a larger financial interest" and that he is "ready to lead the case" should "the Court find Mr. Yang to be an inappropriate class representative". *See Zeva* Action, ECF No. 20, Bhagat Opp. at n. 3. Yet, Bhagat omits that Yang, himself, had already recognized that Galla and Yuan have the largest financial interest and are thus the most adequate plaintiffs. *C.f. Id*. at n. 1 *with Zeva* Action, ECF No. 19, Yang Non-Opposition.

### 2.    Galla and Yuan are a Permissible Group.

The PSLRA expressly permits a "person or group of persons" to serve as lead plaintiff so long as that group possesses the largest financial interest and satisfies Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Cendant*., 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff."); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,* No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *17 (E.D. Pa. Apr. 10, 2014) ("Unquestionably, a group of investors can serve as lead plaintiff.").

8

Courts in this District, Circuit, and across the nation routinely appoint groups to serve as lead plaintiff where, as here, the group is small and therefore presumably cohesive and when there has been a showing of a willingness and ability to manage the litigation. *Varghese,* 589 F. Supp. 2d 388; *Greensky, Inc.,* 2019 U.S. Dist. LEXIS 55296, at *15 (group of three investors that submitted a joint declaration was "presumptively cohesive" due to its small size); *White Pine,,* 2021 U.S. Dist. LEXIS 1199, at *5; *Spencer,* 2014 U.S. Dist. LEXIS 58743, at *13 ("[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members, and therefore presumptively cohesive."); *In re MGT Capital Invs., Inc*, No. 16 Civ. 7415 (NRB), 2017 U.S. Dist. LEXIS 59130, at *11 (S.D.N.Y. Apr. 11, 2017);  *Silverberg v. Dryships Inc.,* No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at *24 (E.D.N.Y. Aug. 21, 2018); *Robb v. Fitbit Inc.,* No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *14 (N.D. Cal. May 10, 2016).

Here, Galla and Yuan are a small, cohesive partnership of two sophisticated investors who are (1) a doctor; and (2) a business owner with more than 25 years of investment experience, both of whom incurred significant losses in connection with their purchases of Ebang securities. *See* Joint Decl. and Second Joint Decl., *generally; see also Emerson v. Genocea Biosciences, Inc.,* No. 17-12137-PBS, 2018 U.S. Dist. LEXIS 22228, at *15-16 (D. Mass. Feb. 12, 2018) (noting sophistication of group members with approval); *see also Varghese,* 589 F. Supp. 2d at 392 (considering the sophistication of group members).

Beyond their unquestionable sophistication and ability to serve as lead plaintiff,  Galla and Yuan's Joint Declaration and Second Joint Declaration demonstrate, *inter alia*, their decision to join together prior to moving for lead plaintiff, that they have communicated with one another and

9

with their counsel, a mechanism for resolving potential disputes[6] and their dedication to staying

informed and driving the litigation. *Sequans Communs.*, 289 F. Supp. 3d at 424 (submission of

joint declaration with moving papers "provides sufficient assurances that the [] investors are

capable of working together if chosen as Lead Plaintiffs"); *In re Blue Apron Holdings, Inc. Sec.

Litig.,* No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *12 (E.D.N.Y. Dec. 15,

2017) (finding group which submitted a declaration "aver[ring] it is prepared to work

cooperatively" to be "qualified to serve as lead plaintiffs on the basis of their representations to

the Court"); *Spencer*, 2014 U.S. Dist. LEXIS 58743, at *13 ("A group consisting of persons that

have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the

group is relatively small, such as here with only five members, and therefore presumptively

cohesive.") (citations omitted); see also *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286

(E.D.N.Y. 2018) (appointing a group as lead plaintiff where filings indicated the "group members'

plans for cooperation and involvement in the litigation"); *Aqua Metals,* 2018 U.S. Dist. LEXIS

---

[6] Bhagat has taken issue with Galla and Yuan's tie-breaking mechanism, where they plan to "present the parties respective views to a qualified independent arbitrator" in the event there is a disagreement that cannot be resolved. ECF No. 13-4, ¶ 13. Yet, the decision to have an independent arbitrator, itself, is a joint decision they made together to ensure the best result for the Class. Courts have found that use of an independent arbitrator demonstrates the cohesiveness of the group. *See White Pine,* 2021 U.S. Dist. LEXIS 1199, at *5  (noting that the use of an arbitrator for deadlocked decisions as part of a group's procedures are the "sort of concrete commitments and plans for cooperation have been found to be positive indications that a group will act cohesively."); *In re Aqua Metals Sec. Litig.,* No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *10 (N.D. Cal. May 23, 2018) (appointing group as lead plaintiff and rejecting the argument that arbitration of disputes among the group "creates logistical issues and outsources its decision-making process to an uninterested outsider"); *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 CIV. 3658 SAS, 2011 U.S. Dist. LEXIS 112970, at *26-27 & n.50 (S.D.N.Y. Oct. 4, 2011) (declaration with arbitration provision found to "demonstrate[] [a group's] commitment to protecting the members of th[e] putative class action.").

86889, at \*7-8 (same); *Emerson*, 2018 U.S. Dist. LEXIS 22228, at \*11-16 (same); *China Agritech,* 138 S. Ct. at 1807 n. 3 ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing as lead plaintiff a group of six unrelated individual investors); *Cendant,* 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).[7]

The submission of the Joint Declaration and Second Joint Declaration rebuts a "lawyer-driven" argument.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at \*17-18 (S.D.N.Y. June 21, 2018) (relying on initial and supplement declaration that prove "the group is sufficiently involved to allay any concerns that it will not exercise control over its counsel" and noting that "courts have appointed similar groups as lead plaintiffs upon submission of sworn declarations"); *Brady v. Top Ships, Inc.*, 324 F. Supp. 3d 355, 346 (E.D.N.Y. 2018) (relying on joint declaration detailing "plans for cooperation and coordination" to find proposed group "is not the type of lawyer-driven group that other courts have cautioned against approving").[8]

---

[7] Further, as Bhagat's counsel regularly makes lead plaintiff motions for small, group movants, relying on similarly worded joint declarations, including in this District, Bhagat's opposition must be viewed as disingenuous at best. *See e.g. Rico v. Lordstown Motors Corp., et al*., C.A. No. 4:21-cv-00616-PAG, ECF No. 25 (May 17, 2021 N.D. Ohio); *Lawless v. Aurora Cannabis Inc.*, et al., C.A. No. 1:20-cv-13819-RMB-KMW, ECF No. 11 (Dec. 1, 2020 D.N.J.); *Verdin v. Genius Brands International, Inc.*, et al. C.A. No. 2:20-cv-07457-DSF-PJW, ECF No. 25 (Oct. 19, 2020 C.D. Cal.); *McDermid v. Inovio Pharmaceuticals, Inc.*, et al. C.A. No. 2:20-cv-01402-GJP, ECF No. 13 (May 15, 2020 E.D. Pa.); *Pareteum* 2020 U.S. Dist. LEXIS 4914  (group represented by Bhagat's counsel was appointed lead plaintiff); *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., et al.* C.A. No. 2:19-cv-03347-EAS-EPD, ECF No. 12 (Sept. 30, 2019 S.D. Ohio).

[8] Not only is the evidence of cohesion submitted thus far by Galla and Yuan sufficient proof of adequate representation, but ***much lesser showings*** have been found sufficient to justify the appointment of a lead plaintiff group. *See, e.g.*, *Brady*, 324 F. Supp. 3d at 346 (appointing an

11

In sum, it is undisputed that Galla and Yuan have the largest financial interest as required by the PSLRA.  The Second Circuit and this District consistently appoint groups as lead plaintiff, even where the members are unrelated, as long as the group would best serve the class.  Movants' Joint Declaration and Second Joint Declaration are of the type that have been found to show that the Group is "is sufficiently involved to allay any concerns that it will not exercise control over its counsel."  *Credit Suisse Grp. AG*, 2018 U.S. Dist. LEXIS 104185, at *18.  Bhagat has offered no viable proof otherwise, and Movants should be appointed Co-Lead Plaintiffs.

### 3.    Galla and Yuan Satisfy Rule 23's Typicality and Adequacy Requirements.

Not only does Galla and Yuan possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but they also satisfy the typicality and adequacy requirements of Rule 23, requiring their appointment as co-lead plaintiffs.

Movants' claims are typical of those of other Class members because, like other Class members, the Movants purchased Ebang securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action.  Movants suffered substantial losses as a result of the alleged fraud in the Action. Moreover, Movants' claims are based on the same legal theory and arise from the same events and

---

investor group that submitted a joint declaration which failed to identify any members by name except in individual signature pages attached at the end); *Sequans Communs.*, 289 F. Supp. 3d at 416 (appointing group of movants even where one of the group member's certifications only authorized one firm to file a complaint and the other group member's certification failed to reference any law firm); *Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *13 (appointing an investor group, that filed a joint declaration only in the response papers); *In re Snap Inc. Sec. Litig*, 2019 U.S. Dist. LEXIS 88379, at *12-13 (C.D. Cal. Apr. 1, 2019) (appointing lead plaintiff based on "joint declaration, which establishe[d] the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly").

course of conduct as the Class's claims. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008).

The Movants have also demonstrated their adequacy to serve as Co-Lead Plaintiffs in this Action.   First, Movants have shown that their choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. This will ensure their vigorous and adequate prosecution of the Class's claims.   *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Second, Movants have no conflicts with other Class Members. *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Further, not only is there no evidence of any antagonism between Galla and Yuan's interests and those of the Class, but Movants have a significant and compelling interest in prosecuting the Action based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at \*6-7 (S.D.N.Y. Nov. 4, 2020).

### C.       No Proof Exists to Rebut the Strong Presumption in Favor of Appointing Galla and Yuan.

Movants are entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.,* 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at \*5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

This presumption may only be rebutted upon actual proof by a class member that Galla and Yuan will "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render  such  plaintiff  incapable  of  adequately representing the class." 15 U.S.C.

§78u-4(a)(3)(B)(iii)(II); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see also Omdahl v. Farfetch Ltd.*, No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Airmedia Grp., Inc.,* 2015 U.S. Dist. LEXIS 178083, at *6-7 ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff").

Indeed, Movants are a small, cohesive group of just two sophisticated investors who demonstrated their adequacy by: (1) having the largest financial interest at stake, indicating they will litigate vigorously to recover their significant losses; (2) retaining experienced counsel and timely filing a motion seeking to represent the Class; (3) executing and submitting their Joint Declaration (ECF. No. 13-4); and (4) executing and submitting their Second Joint Declaration (*Zeva* Action, ECF No. 25-2). Through these joint declarations, Movants have demonstrated the fact that they have communicated with one another both prior to and after filing their Opening Motion, understand the responsibilities of and are willing to serve as a lead plaintiff pursuant to the PSLRA, and are prepared to prosecute this action diligently on behalf of the Class. Accordingly, there is no ***proof*** of inadequacy to rebut the presumption in favor of appointing Galla and Yuan as Co-Lead Plaintiffs.

## III.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Galla and Yuan as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as

the Court may deem just and proper.


Dated: July 7, 2021                                    Respectfully Submitted,

                                                       **LEVI & KORSINSKY, LLP**

                                                       By: /s/ *Shannon L. Hopkins*
                                                       Shannon L. Hopkins (SH-1887)
                                                       55 Broadway, 10th Floor
                                                       New York, NY 10006
                                                       Tel: (212) 363-7500
                                                       Fax: (212) 363-7171
                                                       Email: shopkins@zlk.com

                                                       *Lead Counsel for Dr. Gowrisankar Naidu*
                                                       *Galla, Galla Investments Inc., and Yan Yuan*
                                                       *and [Proposed] Lead Counsel for the Class*