**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOMMIE ZAKER, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EBANG INTERNATIONAL HOLDINGS INC., DONG HU, and LEI CHEN,<br><br>    Defendants. | Case No.: 1:21-cv-03060-KPF<br><br>Hon. Katherine Polk Failla |

**DR. GOWRISANKAR NAIDU GALLA, GALLA INVESTMENTS INC., AND YAN YUAN'S REPLY MEMORANDUM OF LAW IN RESPONSE TO COMPETING MOVANT BRIJESH BHAGAT'S OPPOSITION**

## I.      PRELIMINARY STATEMENT

Dr. Gowrisankar Naidu Galla, Galla Investments Inc., (collectively, "Dr. Galla") and Yan Yuan ("Yuan") (collectively, "Movants" or "Galla and Yuan"), respectfully submit this memorandum of law in further support of their motion for appointment as co-lead plaintiffs and approval of lead counsel and in reply to the opposition filed by the only competing lead plaintiff movant, Brijesh Bhagat ("Bhagat"). ECF No. 39 ("Bhagat Opp."). For the reasons below, and in their prior briefing, Galla and Yuan's motion should be granted and Bhagat's motion should be denied.

Galla and Yuan's losses are over ***three and a half times greater*** than Bhagat's losses. Bhagat does not dispute that Movants suffered the largest losses of any movant and ignores the fact that Galla and Yuan each individually possess larger losses than he does, and Dr. Galla possesses ***larger losses than any movant***. This fact alone belies Bhagat's claim that Galla and Yuan were "cobbled together for the sole purpose of having the largest loss." *See White Pine Investments v. CVR Refining, LP,* No. 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *5 (S.D.N.Y. Jan. 5, 2021).Movants have demonstrated that they have the largest financial interest in this Action by a wide margin. All other movants before this Court, except Bhagat, including a movant with larger financial interests than Bhagat, have filed non-oppositions in recognition that Galla and Yuan are the "most adequate" plaintiffs to lead the proposed Class.

Instead of allowing the Actions to progress, Bhagat has chosen to make meritless attacks on Galla and Yuan in an attempt to disqualify them, citing concerns that they are a lawyer-driven group, yet this is belied by both the relevant facts at hand and the law in ***both jurisdictions*** where related cases against Ebang are currently pending. At this time, Galla and Yuan have submitted two Joint Declarations attesting to, *inter alia*, their cohesiveness, their understanding of the

responsibilities of a lead plaintiff, and their readiness to supervise their chosen counsel to prosecute the putative Class's claims. *See* ECF Nos. 13-4 ("Joint Declaration" or "Joint Decl.") and *Zeva Action*, 25-2 ("Second Joint Declaration or Second Joint Decl.") (collectively, "Joint Declarations"). Courts in the Second Circuit and Third Circuit routinely approve investor groups under such circumstances. *See, e.g., Peters v. Jinkosolar Holding Co.*, 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489, at \*21-\*23 (S.D.N.Y. Mar. 19, 2012); *In re Blue Apron Holdings, Inc. Sec. Litig.,* No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017); *In re MGT Capital Invs., Inc,* 2017 U.S. Dist. LEXIS 59130, at 9 ("While [a group of two movnants] had no relationship before this litigation, they are not a prohibitively large group (indeed, they are the smallest possible group), and they have submitted a joint declaration attesting to their ability and willingness to coordinate to effectively represent the class."); *Mustafin v. Greensky, Inc.,* No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at \*15 (S.D.N.Y. Mar. 29, 2019); *In re Cendant Corp. Litig.,* 264 F.3d 201, 245-46 (3rd Cir. 2001); *see also, infra II.B*.

As explained in their opening motion and opposition, Galla and Yuan are a small cohesive group of just two similarly-situated sophisticated investors who have handily made the requisite preliminary showing under Rule 23 of their typicality and adequacy to represent the putative Class by: (i) having the largest financial interest in the litigation, indicating that they will vigorously prosecute the Action to recover the Class' losses; (ii) having no interests that are antagonistic to the Class; (iii) retaining experienced counsel for the Class; (iv) timely filing a motion seeking to represent the Class; (v) executing and submitting a detailed Joint Declaration explaining their reasons for coming together and plans for prosecuting the Actions efficiently and effectively; and (vi) executing and submitting a Second Joint Declaration, further evidencing their commitment to the lead plaintiff role. *See generally*, Joint Declarations. Galla and Yuan have communicated with

one another both prior to and after filing their Opening Motion, they understand the responsibilities of, and are willing to serve, as a lead plaintiff pursuant to the PSLRA, and are prepared to prosecute this Action diligently on behalf of the Class. *Id.*

Bhagat's speculative attack does not amount to the actual "proof" required to rebut the strong presumption in favor of appointing Galla and Yuan and should be rejected. *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff") (quoting *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)). As stated in their opposition brief, Bhagat's argument is disingenuous at best, as his counsel, Block & Leviton LLP routinely moves on behalf of groups for the lead plaintiff role in class actions across the country, ***including in this jurisdiction.***

Accordingly, for the reasons set forth herein and in their moving and opposition briefs in both this Action and the *Zeva* Action, Galla and Yuan's motion should be granted in its entirety.

## II.    ARGUMENT

### A.    Galla and Yuan are the Presumptive Lead Plaintiffs.

The  PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption can only be rebutted upon proof that the movant with the largest financial interest is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Mere speculation or innuendo is insufficient to rebut this presumption.  *See*, e.g., *In re MGT Capital Invs., Inc., et al.,* 16 Civ. 7415 (NRB) 2017 U.S. Dist. LEXIS 59130, at *9-*10 (S.D.N.Y. Apr. 11, 2017) (rejecting "attempt to find something nefarious" in order "to discredit" a movant's certification); *Foley v. Transocean, Ltd.,* 272 F.R.D. 126, 131-33 (S.D.N.Y.

2011) (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation); *Kaplan v. Gelfond,* 240 F.R.D. 88, 95-96 (S.D.N.Y. 2007) (rejecting "inconclusive" argument proffered by competing movant in attempt to disqualify presumptive lead plaintiff).

Here, Bhagat has provided no proof whatsoever that Galla and Yuan are inadequate class representatives, as no proof exists. Rather, Bhagat attempts to have Galla and Yuan disqualified from being appointed by making seemingly futile speculative arguments, as he has recognized that should Galla and Yuan be found inadequate, another shareholder other than himself, is more suited to be lead plaintiff. *See Zeva* Action, ECF No. 20, at n. 3 But, as Galla and Yuan pointed out in their opposition, Bhagat blatantly ignores the fact that the movant claiming a larger financial interest than him, Yang, has ***already acknowledged that Galla and Yuan are the most adequate plaintiff***. *See* Yang Non-Opp, *Zeva* Action, ECF No. 19.

More concerning is that it appears Bhagat is now taking an inconsistent position in this Action from his position in the *Zeva* Action, regarding who should be appointed lead plaintiff. In Bhagat's Opposition in the *Zeva* Action, he "recognize[ed] that another movant, Mr. Yang, has reported a larger financial interest in this litigation… [and] [i]f for any reason the Court finds Mr. Yang to be an inappropriate class representative, Mr. Bhagat is ready to lead the case." *Zeva* Action, ECF No. 20, at n. 3. Yet, in Bhagat's opposition filed in this Action, he makes it a point to note that "[a]ny attempt by Yang to seek lead plaintiff status here while abandoning his motion in the District of New Jersey would amount to improper gamesmanship."[1] Bhagat Opp. at n. 2.

---

[1] Further, the characterization of Yang "abandoning" his motion in the *Zeva* Action is demonstrably false – Yang explicitly noted that he was filing a non-opposition in light of Galla and Yuan possessing a larger financial interest and that they are the most adequate lead plaintiff under the PSLRA. *See* Yang Non-Opp, *Zeva* Action, ECF No. 19.

Notably, Bhagat's first opposition was filed *after* Yang had already filed his notice of non-opposition, recognizing that Galla and Yuan have the largest financial interest and is the "most adequate plaintiff" pursuant to the PSLRA. *See Zeva* Action, ECF No. 19 (Yang Non-Opp) and 20 (Bhagat Opp).  Bhagat was on notice at the time of filing his first opposition that movant Yang was not going to oppose the appointment of Galla and Yuan. Yet now Bhagat opportunistically, in his own form of gamesmanship, wants the Court to ignore Yang's larger financial interest *when he already recognized that Yang should be appointed over him.*

### B.    Galla and Yuan Are an Appropriate Group.

Contrary to Bhagat's assertions, Galla and Yuan are a small cohesive group of only two investors (the smallest a group can be), who have twice submitted Joint Declarations[2] detailing, *inter alia*, their respective backgrounds, their communications with one another (both before and after the filing of their motion), their understanding of this litigation and their responsibilities as lead plaintiffs appointed pursuant to the PSLRA, and their readiness to supervise counsel. *See generally Zeva* Action, ECF. Nos. 13-6, 25-2. Courts in the Second Circuit and Third Circuit routinely appoint groups of investors as Co-Lead Plaintiffs under such circumstances.  *See, e.g*., *Mustafin v. Greensky, Inc.,* No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29,  2019) (group of *three* investors that submitted a joint declaration was "presumptively cohesive" due to its small size); *White Pine Investments v. CVR Refining, LP,* No. 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *5 (S.D.N.Y. Jan. 5, 2021) (group of two investors that

---

[2] Bhagat's contention that Galla and Yuan filed "a belated second joint declaration with their lead plaintiff reply brief in an apparent attempt to bootstrap the deficient initial joint declaration" is entirely false. Galla and Yuan filed their Second Joint Declaration in response to direct attacks raised by Bhagat in his opposition brief and was by no means to "bootstrap [a] deficient" declaration. It Is unclear when Bhagat would expect Galla and Yuan to file a second joint declaration in response to opposition, except for on reply.

submitted two joint declarations, provided the Court with "detailed plans regarding their involvement in the litigation and plans for cooperation" and was ultimately appointed, even though they lacked a pre-litigation relationship); *Simmons v. Spencer,* No. 13 Civ. 8216 (RWS), 2014 U.S. Dist. LEXIS 58743, at *13 (S.D.N.Y. Apr. 24, 2014) ("[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only *five* members, and therefore presumptively cohesive."); *In re MGT Capital Invs., Inc*, 2017 U.S. Dist. LEXIS 59130, at *11 (parenthetical); *Silverberg v. Dryships Inc.,* No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at *24 (E.D.N.Y. Aug. 21, 2018); *Jinkosolar*, 2012 U.S. Dist. LEXIS 38489, at *21-*23 (appointing *four*-member investor group, finding that joint declaration submitted with motion "meets the standards . . . for demonstrating cohesiveness"); *Blue Apron,* 2017 U.S. Dist. LEXIS 207531, at *17(appointing group of *four* unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of *three* investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *see also In re Cendant Corp. Litig.*, 264 F.3d at 266-67 (3rd Cir. 2001); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,* No. 13-6731, 2014, 2014 U.S. Dist. LEXIS 49595, at *17 (E.D. Pa. Apr. 10, 2014) ("Unquestionably, a group of investors can serve as lead plaintiff.").

The Joint Declarations filed by Galla and Yuan details their communication and plans for coordination in the future including: (1) the decision to join together and serve as co-lead plaintiffs; (2) the discussion of and agreement on attorneys' fees; (3) a strategy for prosecuting the Actions;

6

(4) the importance of joint-decision making and remaining in communication to discuss and make timely decisions; (5) a tie-breaking mechanism in the event a consensus cannot be reached after consulting with counsel; (6) their active involvement in the litigation thus far; and (7) the overall driving directive that the litigation be conducted in a cost-effective manner to obtain "the largest recovery possible"; Joint Decl. at ¶¶ 7-16, Second Joint Decl. at *Zeva* Action, 25-2. This is not the type of conclusory declarations that Bhagat characterizes them to be. *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *17-18 (S.D.N.Y. June 21, 2018) (relying on initial and supplement declaration and noting that "courts have appointed similar groups as lead plaintiffs upon submission of sworn declarations"); *Brady v. Top Ships, Inc.*, 324 F. Supp. 3d 355, 346 (E.D.N.Y. 2018) (relying on joint declaration detailing "plans for cooperation and coordination" to find proposed group "is not the type of lawyer-driven group that other courts have cautioned against approving"). Galla and Yuan have provided more than sufficient proof to show their cohesion, and lesser showings have been found to be sufficient. *See* Opp. at n. 8.

Bhagat further attacks Galla and Yuan's choice to use a qualified independent arbitrator in the event of a deadlock. As detailed in their opposition, Courts have found that use of an independent arbitrator demonstrates the cohesiveness of the group. *See White Pine Invs.,* 2021 U.S. Dist. LEXIS 1199, at *5 (noting that the use of an arbitrator for deadlocked decisions as part of a group's procedures are the "s*ort of concrete commitments and plans* for cooperation have been found to be positive indications that a group will act cohesively."); *see also* Opp. at n. 6.

Accordingly, it is undisputed that Galla and Yuan have the largest financial interest and satisfy Rule 23's typicality and adequacy requirements, as required by the PSLRA. The Second Circuit, Third Circuit, and this District consistently appoint groups as lead plaintiff, even where

the members are unrelated, as long as the group would best serve the interests of the class. Galla and Yuan's Joint Declaration and Second Joint Declaration are of the type that have been found to show that they are "sufficiently involved to allay any concerns that [they] will not exercise control over [their] counsel." *Credit Suisse Grp. AG*, 2018 U.S. Dist. LEXIS 104185, at *18. Bhagat has offered no viable proof otherwise, and Galla and Yuan should be appointed Co-Lead Plaintiffs.

## III.    CONCLUSION

For the foregoing reasons, Galla and Yuan respectfully request that the Court grant their Motion and enter an Order: (1) appointing Galla and Yuan as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: July 14, 2021                                    Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Dr. Gowrisankar Naidu Galla, Galla Investments Inc., and Yan Yuan and [Proposed] Lead Counsel for the Class*

8